UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONCOURSE REHABILITATION &
NURSING CENTER INC.,

                              Plaintiff,

         -against-

EXECUTIVE RISK INDEMNITY INC.,

                              Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/10

08 Civ. 9040 (RMB)

**OPINION & ORDER**

## I. Background

On December 22, 2008, Concourse Rehabilitation and Nursing Center Inc. ("Plaintiff") filed an amended complaint ("Amended Complaint") against Executive Risk Indemnity Inc. ("Defendant") seeking injunctive relief and a declaratory judgment that Defendant is obligated under an insurance policy—i.e., the Directors, Officers and Trustees Liability Insurance Healthcare Organization Reimbursement Policy, dated May 26, 2004 ("Policy")—to reimburse Plaintiff for legal fees and other related costs that Plaintiff incurred while defending Desir, et al. v. Concourse Rehabilitation & Nursing Center, Inc., et al., No. 06 Civ. 1109, in the Southern District of New York ("Federal Action"). (Am. Compl. ¶¶ 7, 18–24; Decl. of Megan Shea Harwick ("Shea Decl."), dated Jan. 23, 2009, Ex. C.)[1]

On January 23, 2009, Defendant filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing that "Plaintiff failed to comply with a condition precedent [for] coverage under the Policy," i.e., that Plaintiff did not inform Defendant of the claims until the start of the Federal Action (February

---

[1] Two of Plaintiff's former employees initiated the Federal Action against Plaintiff after filing discrimination complaints with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") and receiving right to sue letters from the EEOC. (Shea Decl. Ex. B.)

24, 2006), which was some fifteen months after the two employees had filed their complaints with the EEOC (December 2004).[2] (Mem. of Law of Def. in Supp. of its Mot. to Dismiss the Am. Compl. of Pl. ("Def. Mem."), dated January 23, 2009, at 3.)

On February 5, 2009, Plaintiff filed an opposition arguing that Defendant had instructed Plaintiff to "deal directly with the [EEOC proceedings] on [its] own and only inform [Defendant] once the matter proceeded beyond the EEOC level." (Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss ("Pl. Mem."), dated Feb. 5, 2009, ¶¶ 30, 31; Decl. of Dov Lebovic ("Lebovic Decl."), dated Feb. 5, 2009, ¶ 24.)

On February 18, 2009, Defendant filed a reply arguing that Plaintiff "does not point to any communication or a single allegation of conduct between Plaintiff and [Defendant] that effected . . . an amendment to the terms of coverage under the policy." (Reply of Def. in Supp. of Mot. to Dismiss the Am. Compl., dated Feb. 18, 2009 ("Def. Reply"), at 2.)

## II. Legal Standard

On a motion to dismiss for failure to state a claim, courts "construe the complaint in the light most favorable to the plaintiff [and] accept[] the complaint's allegations as true." Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003) (reversing district court's dismissal of an insured's complaint for failure to state a claim). The Court looks to whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" S. Cherry St. LLC v. Hennessee Grp. LLC, 573 F.3d 98, 110 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S. Ct. at 1949).

---

[2] The Policy required Plaintiff to notify Defendant of a claim "'as soon as practicable' after the [c]laim is first made." (Def. Mem. at 3.)

**For the reasons set forth below, Defendant's motion to dismiss is denied.**

### III.  Analysis

Defendant, as noted, argues that Plaintiff "fails to allege facts adequate to support any argument that the notice provision was amended by the parties' course of conduct." (Def. Reply at 2.)  Plaintiff counters that the Amended Complaint states a claim "sufficient to withstand the instant motion to dismiss" because "Defendant's policy . . . during the relevant period [was to] advise[] entities such as Plaintiff to deal with the [EEOC proceedings] on their own . . . until such time as a summons and complaint in a plenary action [was] served by the complainants." (Pl. Mem. at 3; Am. Compl. ¶ 9.)

"Under New York law, an insured has an obligation to comply with the . . . notice-of-claims provisions of an insurance policy."[3]  New York v. Blank, 27 F.3d 783, 793 (2d Cir. 1994); see also 105 Street Assoc., LLC v. Greenwich Ins. Co., 507 F. Supp. 2d 377, 380 (S.D.N.Y. 2007).  At the same time, dismissal of the insured's claim is warranted only when "(1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered a valid excuse for the delay." Blank, 27 F.3d at 795.

Here, dismissal is not warranted because Plaintiff has raised a question of fact as to whether its notice was timely under the Policy and Defendant's practice, and whether any delay in notifying Defendant of the claims was justified. Olin Corp. v. Am. Re-Ins. Co., No. 02-9325-cv, 2003 WL 22048230, at *2 (2d Cir. Sept. 2, 2003).  The Amended Complaint and supporting affidavit, dated February 5, 2009, contain factual allegations that the parties' course of conduct was to provide notice "once the matter proceeded beyond the EEOC level" (Pl. Mem. ¶ 24),

---

[3]  A district court sitting in diversity "applies the substantive law of the forum state on outcome determinative issues." Thrift Drug, Inc. v. Universal Prescription Adm'rs, 131 F.3d 95, 97 (2d Cir. 1997).  The parties do not dispute that the law of New York applies.

3

which, taken as true, could support a finding that Plaintiff's notice was not untimely. (See Am. Compl. ¶ 9; Lebovic Decl. ¶¶ 24–31.) Because Plaintiff has alleged a plausible factual basis to find it satisfied its notice obligation, Defendant's motion to dismiss is denied. Id.; see also Randolph Equities, LLC v. Carbon Capital, Inc., No. 05 Civ. 10889, 2007 WL 914234, at *3 (S.D.N.Y. Mar. 26, 2007) ("At this early stage of the pleadings, Plaintiff['s] allegation that the parties' course of dealings modified the [terms of the agreement], despite the no-oral modification clause, is sufficient.").

## IV.    Conclusion & Order

For the reasons set forth above, Defendant's Motion [#10] is denied.

The parties are directed to appear at a settlement conference (with principals) on December 2, 2010 at 9:00 a.m. and to engage in good faith settlement negotiations prior to the conference.

Dated: New York, New York
       November 12, 2010

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.

4